IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re ) | Chapter 11 |
| P.M.B. Hydra-Screw, Inc., ) | Case No. 08-04957 |
| an Illinois corporation, ) | Judge Eugene R. Wedoff |
| ) | |
| Debtor/Debtor-in-Possession. ) | |

### FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

THIS MATTER COMING before the Court for hearing on the Motion of the Debtor/Debtor-in- Possession, P.M.B. Hydra-Screw, Inc., for Authority to use Cash Collateral pursuant to Section 363 of the Bankruptcy Code (the "Motion"); proper notice as required by Rule 4001(b) of the Federal Rules of Bankruptcy Procedure having been provided; no objections having been interposed; this Court having determined that the Debtor's use of cash collateral to pay ordinary and necessary expenditures is necessary to avoid immediate and irreparable harm to the Debtor's estate, Pramco CV8, LLC as assignee of First Banks, Inc. ("Pramco"), having consented to the entry of this Order; and this Court being fully advised in the premises;

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

The Debtor is authorized to use cash collateral and the collateral subject Pramco's security interest, through August 19, 2008, to pay ordinary and necessary expenses, unless otherwise agreed by Pramco or upon further order of this Court provided the Debtor strictly complies with the following:

1. In return for the Debtor's interim use of cash collateral, Pramco is hereby granted the following adequate protection for its secured interests:

2. The Debtor will permit Pramco to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records. The Debtor shall provide Pramco such other and further information about Debtor, financial and otherwise, as may be reasonably necessary concerning the business operations of Debtor.

3. The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage and shall name Pramco as loss payee on all insurance policies "as its interest may appear", which certificate shall be provided to Pramco.

4. The Debtor shall, upon reasonable request, make available to Pramco evidence of that which constitutes its collateral or proceeds and shall not materially waste that collateral.

5. Pramco shall be granted a valid, perfected, enforceable, security interest in and to the Debtor's post-petition assets which are now or hereafter become property of this estate, to the extent of Pramco's pre-petition liens and to the extent of the Debtor's use of cash collateral. To secure against any diminution in value, the collateral subject to Pramco's security interest is to be determined as of the date of the Debtor's Chapter 11 filing, forward. In addition, to the extent there is any decrease in the value of Pramco's collateral, Pramco shall be granted a first security interest in all of the Debtor's Avoidance Actions (under Chapter V of the Bankruptcy Code ("Code")), and entitled to an allowed super priority claim under §507(b) of the Code, which claim shall be superior to all claims for administrative expense including but not limited to allowable claims under § 330 and 331 of the Code.

6. The Debtor shall execute any documents that may be reasonably required by Pramco to evidence the post-petition liens granted herein.

7. On Friday of each week, the Debtor shall provide weekly reports to Pramco and its counsel, identifying the weekly changes in the Debtor's sales, receipts, and accounts receivable aging. In addition, the Debtor shall send Pramco and its counsel, by e-mail or fax, (a) copies of the Daily Vouchers which show the inventory purchased that day along with all invoices which describe the inventory purchased; and, (b) monthly inventory summaries showing the changes in inventory from the prior month.

8. If the sale of the Debtor's assets has not closed and Pramco has not been paid the amounts due it prior to the close of business August 13, 2008, the Debtor shall make an adequate protection payment of $10,000 to Pramco on August 14, 2008. Said payment shall be made by wire transfer to Pramco's account at US Bank, 800 Nicollet Mall, Minneapolis, MN 55402, in the name of Pramco CV8, LLC, 6894 Pittsford-Palmyra Rd., Crosskeys Office Park, Suite 230, Fairport, NY 14450, account number 1047903174(08, ABA number 091000022. Any allocation of payments made are provisional in nature.

9. The Debtor hereby acknowledges that (i) the debt owed to Pramco to be in the amount of $2,913,838.27 as of March 3, 2008; (ii) the Debtor's obligations to Pramco constitute valid and binding obligations of the Debtor without offset, recoupment, counter-claim,

deduction, defense of any kind; (iii) constitute valid claims against this estate without the need of filing a proof of claim or any other document or paper in an amount no less than the amount set forth above, plus the amount set for the in clause (iv) below; (iv), pursuant to §506(b) of the Code, may or may not, include post-petition interest on the Debtor's obligations to Pramco as well as fees, costs, and other expenses incurred by Pramco. In addition to principal and interest, Pramco is also entitled to recover as part of its principal balance due it, all of its legal fees, costs of collection and default interest ("Pramco's Expenses"). The Debtor reserves its rights to object to Pramco's Expenses.

10. The authority granted herein to the Debtor to use cash collateral will be withdrawn, without further order of Court, in the event of a material default under this Order which remains uncured after five (5) business days from the date of the material default. Failure to make any payment required under this Order within five (5) days when such payment is due shall constitute a material default. A material default includes the failure to comply with this Order, entry of an order converting this case to a Chapter 7 case or the appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1104 or if Dan Malone fails to maintain his employment with the Debtor. Upon an event of default, the Pramco may move for an emergency hearing on two (2) business days notice to terminate the automatic stay.

11. The provisions of § 362 of the Bankruptcy Code are hereby modified as to Pramco to the extent necessary to implement the provisions of this Order thereby permitting Pramco to file any financing statements or other instruments or documents or to take such other action as may be necessary to perfect and maintain its liens and security interest.

12. This Agreed Order is a "core proceeding" as defined in 28 U.S.C. § 157(b). So long as the Debtor has not defaulted in any provisions of this Order, the Debtor may utilize all cash or cash equivalents that come into its possession which constitute cash collateral subject to the lien of Pramco, in the ordinary course of the Debtor's business.

13. The Debtor shall promptly and within the time frame that they can be paid, pay all taxes, assessments and similar levies and charges which at any time are, or may become, but for the automatic stay in effect on the case, a lien, charge, or encumbrance upon any of the collateral subject to Pramco's security interest. If the Debtor fails to pay any of these taxes, assessments or other charges in the time period provided above, Pramco has the option (but not the obligation) to do so, and the Debtor shall repay all amounts expended by Pramco immediately upon demand, together with interest at the same rates which otherwise would have accrued on such taxes if they remained unpaid, and such amounts due Pramco shall be entitled to administrative expense priority.

14. All loan documents and loan agreements, including any and all forbearance agreements entered into between the Debtor and Pramco and its predecessors, are hereby incorporated herein by reference and are ratified, reaffirmed and confirmed by Debtor, and the Debtor's obligations to Pramco, are deemed adopted in full by Debtor and shall be construed and considered as agreements between the Debtor, and Pramco under this Order (except to the extent inconsistent or modified hereby) and shall be sufficient and conclusive evidence of the lending arrangements between the Debtor and Pramco.

15. All defenses and claims of every kind, and nature, whether existing by virtue of local, state, federal bankruptcy or non-bankruptcy law, by agreement or otherwise, against Pramco, its predecessors, successors, and assigns, and its officers, agents, servants, employees and attorneys are hereby forever waived, relinquished and released by the Debtor and its estate, including without limitation, any affirmative defense, counterclaim, setoff, deduction or recoupment. This paragraph shall not apply to a subsequently appointed trustee in bankruptcy.

16. This Order, and the Debtor's right to use Pramco's collateral shall expire on August 19, 2008, unless extended by agreement of the parties or by Order of Court. Notwithstanding the expiration of this Order, all of the Debtor's representations and waivers made herein shall continue and may be reasonably relied upon by Pramco. ~~This matter is continued until 10:00 a.m. August 19, 2008, or as soon thereafter as the matter may be heard, for status review.~~

ENTER: 1 4 AUG 2008

_____
U.S. Bankruptcy Judge

AGREED AS TO SUBSTANCE AND FORM:

P.M.B. HYDRA-SCREW, INC.            PRAMCO CV 8 LLC

By: _____       By:/s/ Scott N. Schreiber
            , its President              One of its Attorneys

Order Prepared by:
Scott N. Schreiber
Stahl Cowen Crowley Addis LLC
55 W. Monroe St.
Suite 1200
Chicago, IL 60603